### FERRELL BURNAM v. THE STATE.

No. 842.   Decided March 22, 1911.

**1.—Murder—Evidence.**

Upon trial for murder there was no error in excluding certain evidence and admitting other testimony as disclosed in appellant's bills of exception.

**2.—Murder—Charge of Court—Principal.**

A defendant's presence at the time of the alleged killing, without participation in the alleged offense, would not constitute him a principal, and the court's charge should be framed accordingly.

**3.—Charge of Court—Agreeing to Offense—Circumstantial Evidence.**

Where the issue as to whether the defendant advised or agreed to the killing of deceased is raised by the evidence it would be proper for the court to charge on circumstantial evidence on that issue.

**4.—Same—Charge of Court—Self-Defense.**

Where, upon trial of murder, the evidence did not raise the issue of self-defense there was no error in the court's failure to charge thereon.

**5.—Same—Charge of Court—Manslaughter—Accomplice.**

Though there can be no accomplice in manslaughter, still the law of principals may and can apply in manslaughter, and where the evidence in a trial for murder raised the question of manslaughter the court should have submitted a charge thereon, and it was reversible error not to have done so.

**6.—Same—Argument of Counsel—Wife of Codefendant.**

On trial for murder there was no error in the State counsel's argument, in commenting on the fact that the wife of the codefendant was in the court room and had not been used as a witness by the defense. Following Eggleston v. State, 59 Texas Crim. Rep., 542.

**7.—Same—Argument of Counsel.**

See opinion for comment on argument of State's counsel and admonition that counsel must keep within the record in making their argument to the jury.

Appeal from the District Court of Wise.   Tried below before Hon. J. W. Patterson.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The excluded testimony in bills of exception Nos. 1, 2 and 4, was with reference to uncommunicated threats and declarations by deceased, and the testimony admitted under bill No. 5 was with reference to State's witness Taber in rebuttal to certain testimony of the defense as to the position of the deceased at the time of the homicide. The facts in the case are fully reported in the companion case of Roy Burnam v. State, 61 Texas Crim. Rep., 51.

*R. E. Carswell, Rob't Carswell,* for appellant.—Upon the question as to whether defendant knew the unlawful intent of his codefendant, and aided or encouraged him in the killing: Welch v. State, 3 Texas Crim. App., 413; Golden v. State, 18 Texas Crim. App., 637; Scott v. State, 10 Texas Crim. App., 113; Burrell v. State, 18 Texas, 712.

Upon the court's charge on self-defense: White v. State, 18 Texas Crim. App., 57; Burkhard v. State, 18 Texas Crim. App., 599; Irvine v. State, 20 Texas Crim. App., 12; Jackson v. State, 15 Texas Crim. App., 84; Odle v. State, 13 Texas Crim. App., 612; Rutherford v. State, 15 Texas Crim. App., 236.

On court's failure to charge on circumstantial evidence, Burrell v. State, 18 Texas, 712.

On question of State counsel's argument: Askew v. State, 59 Texas Crim. Rep., 152, 127 S. W. Rep., 1007.

*C. E. Lane,* Assistant Attorney-General, for the State.—Self-defense is a defensive and not an offensive act. Lander v. State, 12 Texas, 462; Hobbs v. State, 16 Texas Crim. App., 517; Weaver v. State, 19 Texas Crim. App., 547; Giebel v. State, 28 Texas Crim. App., 151; Ex parte Jones, 31 Texas Crim. Rep., 423; McDade v. State, 27 Texas Crim. App., 641; Sergeant v. State, 35 Texas Crim. Rep., 325; Turner v. State, 33 Texas Crim. Rep., 103.

On question of principal: Coffman v. State, 51 Texas Crim. Rep., 478, 103 S. W. Rep., 1128; Banks v. State, 52 Texas Crim. Rep., 693, 108 S. W. Rep., 693.

PRENDERGAST, JUDGE.—Appellant was convicted of murder in the second degree and his punishment fixed at ten years in the penitentiary.

This is a companion case, or rather grew out of the same killing of John Mosier by Roy Burnam, recently decided but not yet reported.

Several of the bills of exception present matters that will not occur upon another trial; hence, it is unnecessary to mention or decide them.

1. There was no error in excluding the evidence of the witness Hullinger shown by appellant's bill of exceptions No. 1, nor in excluding the testimony of Dr. Rogers as shown and presented by bill No. 2; nor in excluding the testimony of the witness Curtis Burnam, as

shown by bill· No. 4; nor in admitting the testimony of the witness Taber, as shown by No. 5; nor in excluding the testimony of the witness Bird, as shown by No. 7.

2. Complaint is made of subdivisions 11 and 13 of the charge of the court. When these charges are all taken together, we think 'the criticisms thereof do not show reversible error. It is true that the mere presence of the appellant at the time of the killing of Mosier by Roy Burnam, without the participation in the commission of the offense by appellant, will not constitute him a principal, yet, such presence is a circumstance, and, taken in connection with other facts and circumstances, may be sufficient to warrant the inference and conclusion that he was a participant. Burrell v. State, 18 Texas, 712, and other cases cited under note, p. 77, of Willie's Edition of White's Penal Code. Upon another trial it might be well enough for the court below, if these same charges are substantially given, to so frame the charge as that the jury would not be authorized to convict the appellant solely from the fact of his presence at the time of the killing. ·

Complaint is also made of these two subdivisions of the court's charge, because they submit to the jury the issue of whether or not appellant advised or agreed to the killing by Roy Burnam, claiming there was no evidence raising that issue and justifying that charge. In this connection complaint is also made that, if this issue is raised, it is raised only by circumstantial evidence. That issue in the charge was based upon article 78, Penal Code, which is: "Any person who advises or agrees to the commission of an offense, and who is present when the same is committed, is a principal thereto, whether he aids or not in the illegal act." If upon another trial, the issue is raised of whether or not the appellant advised or agreed to the commission of the offense, and that is shown by circumstantial evidence alone,· then it would be proper for the court to charge on circumstantial evidence on that particular issue, as claimed by the appellant. 'This matter, however, can be taken care of on another trial.

3. Appellant also claims that the court erred in not giving a charge on the issue of self-defense as to Roy Burnam, claiming that the testimony of Miss Lissenby raised that issue. We are of opinion that the testimony of Miss Lissenby alone does' not raise the issue, and if her testimony is the same on another trial as on this, and there is no other evidence sufficient to raise the issue, it would not be necessary to charge on self-defense. This matter can also be controlled and taken care of on another trial.

4. The record indicates that the theory of the State was that the appellant was guilty of murder in the first or second degree or nothing at all, while the theory of the defense was that the question of manslaughter as to Roy Burnam, which would be applicable to the appellant, was also in the case. And the court was requested by special charges to submit that issue to the jury. It has been held by this court in the case of Cartwright v. State, 16 Texas Crim. Rep., 473, and

Ogle v. State, idem, 361, that, though there can be no accomplices in manslaughter, still the law of principals may and can apply in manslaughter. The facts and circumstances, in our opinion, did raise the question of manslaughter as to Roy Burnam, which, we believe, was also applicable to the appellant in this case. Therefore the court erred in not submitting that issue to the jury in an appropriate charge, which results in the reversal of this case. If the evidence, upon another trial, raises that issue, then it will be necessary for the court to submit it to the jury.

5. Several complaints were made of the argument of the attorney for the State in closing the case. Among them is the complaint that he commented on the fact that while Roy Burnam's wife was in the courtroom and had been sworn as one of the witnesses, the appellant could have used her as a witness but the State could not. This, as shown by this bill, was a legitimate comment by the attorney for the State. Eggleston v. State, 59 Texas Crim. Rep., 542, 128 S. W., 1105.

Other complaints, such as his comment on the affection of the father for the daughter, and the dependence by him on her, may be legitimate grounds of comment. However, it might not be proper for the attorney to refer to particular instances, such as that of Judge Patterson and his daughter, when there is nothing in the record thereabouts. It would also be a subject of legitimate comment by the attorney, within reasonable bounds, to comment upon what the appellant did not do at the time of the killing, as well as what he did do. As to the other matters complained of on this point, they will not likely occur on another trial. It is, of course, always best for the attorney for the State to keep within the record, and in no instance to get out of it in making argument to the jury.

For the error pointed out above in the failure of the court to charge on adequate cause, and in connection therewith manslaughter, the judgment is reversed and the cause remanded.

*Reversed and remanded.*