## TOMAS CONVERSE V. THE STATE.

No. 21729.  Delivered November 26, 1941.
Rehearing Denied February 11, 1942.

The opinion states the case.

*Julian LaCrosse*, of Del Rio, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the burglary of a barn belonging to and under the control of L. R. Edmerson, and sentenced to serve two years in the State penitentiary.

A case against this appellant charging a daytime burglary of the same person's private residence at the same time is reported in 148 S. W. (2d) 424.

The facts herein show that Mr. Brown, on the occasion in question, passed the Edmerson house, barn and garage late in the afternoon of October 8, 1939, and observed appellant within the yard thereof. He drove on a short distance, and, returning, called appellant and had some conversation with him, and upon request informed appellant "Mr. Ward" did not live there. Brown then drove away, but noticed that appellant went back into the Edmerson yard. When Brown first saw appellant he was standing by the Edmerson barn door; when Brown next saw appellant he was standing by the Edmerson garage door. Again witness Brown saw appellant inside the dwelling house on the back screened in porch of the Edmerson house. Witness later saw appellant come from around this dwelling house with a rain coat in his hand. It was shown by this witness that at such time the Edmerson garage door was open and sitting in the door thereof were two gallon buckets, and that the barn doors were not fastened. Edmerson testified that these two buckets found in the open door of his garage were in his barn when he had closed the same the morning of the alleged burglary; that he had also closed the garage door at such time when he left on the morning of October 8, 1939. That when he returned to his home he found the dwelling giving evidence of some one having been therein, the drawers opened and his effects tumbled out on the floor, and an old rain coat which was in the house was found in the yard, and later on some scissors, which were in the house, were found in the jail yard near a window to which appellant had access. The two buckets, one half filled with paint and the other containing grease, had been in the barn when he left and closed the same, and they were the same buckets found in the open door of the garage, which door was closed when he left the premises on that morning.

There are ten bills of exceptions in the record, all of which complain of separate witnesses being allowed to testify relative to the occurrences surrounding the entry to the dwelling house on the same occasion and at the same time as the alleged burglary of the barn. We note that the trial court in every instance orally instructed the jury that they could only consider the other purpose. Again in paragraphs nine and ten of his written testimony relative to any burglary of the dwelling house for the purpose of showing system, intent or identity and for no

charge he gave an elaborate instruction embodying the same principle.

We do not think any error is evidenced in said bills by the admission of the whole transaction that took place at the same time as the alleged burglary of the barn. Both entries were made practically contemporaneously, and without any appreciable cessation, and should fall under the rule of res gestae, as well as being useful in establishing the identity of the person who committed the burglary of the barn.

The question is also raised relative to whether a breaking or an entry by force was shown in the alleged barn burglary. We do find that Edmerson testified that when he left his home he had closed and barred the barn door; that when he returned the two buckets inside this closed and barred barn door had been removed and were sitting in the open door of the garage, which door had also been left closed. The witness Brown testified that when he first saw appellant he was standing near the barn door; that when he again saw appellant he was standing near the open garage door in which were sitting the two buckets, and the barn door was closed but not barred. We think these circumstances are sufficiently strong to allow a jury to predicate a verdict thereon, and after a careful examination of the propositions embodied in the bills and brief presented to us, we are of the opinion that no error is evidenced herein, and we therefore affirm the judgment.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We are not impressed by appellant's claim that the trial court certified error in the bills of exception found in the record. The bills and the qualifications thereto give this court a fairly accurate picture of what happened, and it appears therefrom clearly that the court was not certifying error, but from the bills regarded in their entirety was explaining why he thought the admission of the evidence complained of was not error. We think the case falls under Pounds v. State, 128 Tex. Cr. R. 519, 81 S. W. (2d) 698, opinion on rehearing.

The motion for rehearing is overruled.