E. MASON v. THE STATE.

*No. 48. Decided April 29.*

1. **Alteration of Draft by Raising it—Secondary Circumstantial Evidence.**—See the opinion for facts stated which, though secondary as evidence and circumstantial in character, are held amply sufficient to support a conviction for fraudulently altering a genuine draft, by raising it in amount.

2. **Same.**—Where the alleged altered instrument remained in the hands of the accused, secondary evidence was properly resorted to and admissible to prove the nature, character, description, and contents of said instrument.

ON REHEARING.

3. **Principal Offenders.**—Where the evidence clearly shows that appellant and a confederate were operating together in carrying on a systematic plan of passing forged or altered checks— appellant aiding, watching, advising, and keeping watch while the confederate passed, or was attempting to pass, said forged or altered checks or drafts—appellant can not be injured by an assumption in the opinion of this court, that he was a principal offender, and which ascribes to him the doing of the acts done and performed in person by his confederate in pursuance of the joint purpose and design of both parties.

4. **Same — Liability of one Principal for the Acts of a Coprincipal.**—Where two parties are shown by the evidence to have " acted together," each performing his part in the commission of the crime, they are principals, and the act of one is the act of both.

5. **Forgery and Fraudulent Alteration of Written Instrument— Venue of the Prosecution.**—The offenses of forgery and fraudulent alteration of a written instrument may be prosecuted in any county where the instrument was forged, or used, or passed, or attempted to be used or passed. Code Crim. Proc., art. 206.

APPEAL from the District Court of Gonzales. Tried below before Hon. M. KENNON, Special Judge.

Appellant was indicted for fraudulently altering a genuine instrument 'n writing. The genuine instrument is as follows:

" THE GALVESTON NATIONAL BANK OF GALVESTON, TEXAS.

" Jan. 9th, 1892.

" No. 20,481.                                                            $25.00.

" Pay to the order of Thos. Hunter ($25.00) Twenty-five and $\frac{no}{100}$ Dollars.

" L. R. BERGERON, Asst. Cashier.

"*To G. N. Dilworth Bk., Gonzales, Texas.*"

This instrument was fraudulently altered and raised so as to read as follows, to-wit:

"THE GALVESTON NATIONAL BANK OF GALVESTON, TEXAS.

"Jan. 9th, 1892.

"Pay to the order of Thos. Hunter ($2500.00) Twenty-five hundred Dollars.

"L. R. BERGERON, Asst. Cashier.

"*To G. N. Dilworth Bk., Gonzales, Texas.*"

This prosecution grew out of the same transactions which brought about the prosecution in the case of Mason v. The State, 31 Texas Criminal Reports, 306, and is a companion case to that case. That case is here referred to for a statement of the facts, which are substantially the same in both cases.

The principal question involved in the trial of this case in the court below was, whether the instrument was forged by the alteration of a genuine instrument, as alleged in the indictment, or whether it was forged by the making of an entirely new instrument. Upon this issue, the trial court charged the jury in the third, fifth, sixth, seventh, and eighth paragraphs of the charge (referred to in the opinion below) as follows, viz.:

"3. If you believe from the evidence, that defendant did, as charged in the indictment, either alone or while acting with another in such a manner as to constitute him (the defendant) a principal offender, without the authority to do so, and with the intent then formed in his mind to defraud some person, alter the instrument in writing described in the indictment, in this, that the said instrument in writing was raised from $25 to $2500; that the said instrument, before it was so raised, was in existence, and was made in the first place by some other person than the defendant himself; and that such alteration of said instrument in writing would, if it had been legally made, have increased a pecuniary obligation—if you believe all this from the evidence, you will find the defendant guilty of forgery, as charged in the indictment, and assess his punishment at confinement in the penitentiary for any term not less than two years nor more than seven years."

"5. If any evidence has been introduced before you tending to connect the defendant, as a principal or otherwise, in the alteration of any instrument in writing other than the instrument described in the indictment, in such manner and under such circumstances as to constitute the offense of forgery, as that offense is defined in the first subdivision of this charge, you are instructed that such evidence is admitted for the sole purpose of showing (if it does show) the intent of defendant in the transaction with which he is charged in this case, if you find that he is a principal offender in the commission of the last named offense, if such offense was committed.

"6. Unless you find from the evidence that the defendant himself did alter the instrument in question as charged in the indictment, in such a manner as to constitute forgery, as that offense has been herein before de-

fined, or that he acted with another in so altering said instrument as to make him a principal offender (if you find the instrument was so altered), as the law as to who are principals has been before explained to you, you will acquit the defendant.

"7. Before the defendant can be convicted, it must be shown by the evidence beyond a reasonable doubt, that the defendant was engaged as principal in altering the instrument described in the indictment, as therein charged, and no connection that defendant may have had with said instrument after it was altered (if it was altered) will render him guilty of the charge in the indictment; and if you do not find from the evidence that the defendant was engaged as a principal in altering said instrument as charged in the indictment and as. the offense of forgery has been defined in this charge, you will find the defendant not guilty.

"8. The evidence must show that the instrument described in the indictment was originally a draft for the sum of $25; that it was drawn by L. R. Bergeron, assistant cashier of the Galveston National Bank, and that it was altered by the defendant, either alone or while acting with another, in such a manner as to make him a principal offender, from a draft for $25 to a draft for $2500, with intent to defraud some one; and if this has not been shown to your satisfaction beyond a reasonable doubt, you will acquit the defendant."

Two special instructions requested by defendant and refused by the court are as follows:

"The indictment alleges that the check or draft was altered in Gonzales County, and it devolves upon the State to prove it; and unless you find that the check or draft was altered, if altered at all, in Gonzales County, you should acquit the defendant.

"2. The defendant is charged with having altered a genuine instrument, and can be convicted only on proof of having committed that offense, beyond a reasonable doubt; and unless such proof has been produced, you should acquit the defendant."

*Fly & McNeal*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the offense of fraudulently altering a genuine instrument, and sentenced to seven years in the penitentiary.

The facts in this case are almost the same as proved in the case of Mason v. The State, 31 Texas Criminal Reports, 306, which practically settles all law questions that are raised in this, and which decision we see no reason to disturb.

Vol. XXXII. Crim.—7

The only question that need be considered is the one going to the sufficiency of the evidence to sustain the conviction. The draft alleged to be fraudulently altered was retained by appellant after he failed to pass it upon the bank of G. N. Dilworth, so the State was compelled to resort to secondary evidence of the fact. It was proved by the cashier of the Galveston bank, that upon the 9th day of January, 1892, he issued, as assistant cashier, a draft numbered 20,481, on Dilworth's bank for $25, and issued no other draft on that day on Dilworth's bank of that number or amount, and that he never issued one for $2500. By Dilworth the State proved, that he declined to pay the draft presented by appellant on the 15th of January, 1892, until he could telegraph to Galveston, but took the date, number, and amount of the draft; that he did not then know the signature of Bergeron, the cashier, but now knows it, and it was the same signature he saw on the instrument; that the draft was a printed form of the bank, with the number 20,481 printed thereon, while the amount was both written and punched. The State further proved by Bergeron, that the draft he issued had the figures 25 punched on it with a machine used for that purpose; that from experiments witness knows that the figures could be raised so as not to be readily detected. By George Schleicher, a cashier in the bank of Otto Buchel, at Cuero, the State proved, that on January 13, 1892, defendant presented a draft on his bank for $2000, drawn by W. L. Moody & Co., of Galveston, which he cashed. This draft had the figures (as is usual with such drafts) punched with a perforating machine, but a close examination with a magnifying glass revealed the fact that the two additional cyphers were made with a different machine; the draft, as originally drawn, being for $20 only, and it was raised to $2000.

Appellant's contention is, that the testimony proves that the check on which he was indicted may have been entirely forged and not fraudulently altered. While it would have been better to have added a count for forgery, we can not say that the jury did not have evidence sufficient to reasonably satisfy them that the draft was raised. It was shown to be on a bank check on a printed form, with its consecutive number printed thereon, with the amount written and punched; also that the method of raising was feasible, and not readily detected. A draft actually cashed by appellant was proved to be so manipulated. It was certainly far more reasonable to suppose, that in carrying out their plan of buying small checks of $20 and $25 on inland banks, and raising them, appellant and his partner pursued the plan of raising them by adding ciphers, rather than to carry around a printing press, and probably vignettes of the bank paper they were forging. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.

ON MOTION FOR REHEARING.

SIMKINS, Judge.——We have again examined this case at counsel's request, and suggestion that the opinion is based upon a state of facts which did not exist, and are unanimously of the opinion that there is nothing in the motion for a rehearing or in the original brief that requires a reversal.

There was not a single exception reserved to the evidence or the charge of the court, and the special charges requested were not applicable or were not law. The only question in the case was, whether the instrument was forged by alteration of a genuine instrument, as alleged in the indictment, or whether it was forged by the making of an entirely new instrument, and this issue, and appellant's connection therewith, was pressed upon the jury by the third, fifth, sixth, seventh, and eighth subdivisions of the charge, with a reiteration that may have been reversible error, had it not been in appellant's favor. The appellant's counsel, however, insist that the opinion delivered in this case does injustice to appellant, in stating that he presented the forged checks at the Dilworth bank in Gonzales, and at the Otto Buchel bank at Cuero; that in both instances the drafts were presented by Hunter, alias Harris.

The opinion was briefly stating the facts, from the legal standpoint of appellant. It would have been better to have said, "that appellant and his coconfederate, Hunter, alias Harris, having failed to pass the draft in question on Dilworth's bank, retained it, so that the State was compelled to resort to secondary evidence," etc. In counsel's brief, they say, speaking of the nature of this case, "The facts are identical with those of a case of passing a forged instrument, which was decided by the Court of Criminal Appeals, at the last Tyler Term." The case referred to was that of E. Mason v. The State, 31 Texas Criminal Reports, 306, in which this court sustained a conviction against this appellant for *passing* a forged check on the bank of Otto Buchel, at Cuero. We are certainly at a loss to appreciate how appellant can in any way be injured by the opinion assuming the fact that he passed the forged check on Otto Buchel's bank at Cuero, and attempted to do likewise at Gonzales, on Dilworth's bank, where it is clearly shown, as it was in both cases, that appellant and Hunter were operating together in carrying on a systematic plan of passing forged checks on country banks. The act of one was the act of both. Indeed, it would have been better to have laid stress upon the fact, that while to Hunter, perhaps from his superior address, was assigned the part of passing the forged checks, it was appellant who remained in the neighborhood, watched, and advised, who handled the satchel, who delivered the checks to Hunter, and received the package on his return from Buchel's bank. It was appellant who, when arrested, took out the bundle of checks (or papers the witness thought were checks)

and threw them in the stove. It was appellant who was found with the bulk of the money in his possession. But the question presented for consideration is not whether the check attempted to be passed on Dilworth's bank was forged, but whether it was a partial or entire forgery; and that was the only question discussed in the opinion, which we believe to be correct.

In stating there was sufficient evidence to reasonably satisfy the jury, we did not suppose a construction could be placed upon the language in violation of the elementary rule in criminal law, that the evidence that can reasonably satisfy a jury must exclude a reasonable doubt. The court certainly did not err in refusing the charge that the jury must find the fraudulent alteration of the check was made in Gonzales County before they could convict appellant. The code settles it to the contrary. Code Crim. Proc., art. 206.

The motion for rehearing is overruled.