## JOHN T. SEALS V. THE STATE.

No. 16760.   Delivered May 23, 1934.
Rehearing Denied June 27, 1934.

The opinion states the case.

*E. E. Fischer,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishmen, confinement in the penitentiary for five years.

Horace Wells, the injured party, testified, in substance, as follows: Appellant carried him to the scene of the robbery in his (appellant's) car. He got out of the car and appellant drove away. While he was walking up the street Collier Brooks and Willie McWynn came up behind him. Lemmie Harris was with them. McWynn drew a gun on the witness and Collier Brooks took forty dollars in money from him.

Collier Brooks was placed on the stand by the State. He testified that he, Lemmie Harris and appellant entered into an agreement to rob Horace Wells; that appellant furnished the pistol with which the offense was committed; that appellant drove away when the robbery was committed, but was waiting for them less than four hundred yards away in his automobile; that it was agreed that appellant was to wait for them and carry them away in his automobile to Dallas; that appellant brought Horace Wells to the place of the robbery in his (appellant's) car; that appellant received nineteen dollars of the money obtained from Wells. The State introduced appellant's confession in which appellant stated that he furnished the gun with which the robbery was committed; that it was agreed between him and his co-defendants that they were to meet on North Palace Street after the robbery; that after the robbery had been committed his co-defendants got in the car with him and he drove away with them.

Testifying in his own behalf, appellant denied that he participated in the commission of the offense. He testified, fur-

ther, that he made the confession because of the fact that he had been placed in a dark cell and wanted to get out.

We are unable to agree with appellant that the testimony on the part of the State shows that the offense is accomplice to robbery. Appellant was less than four hundred yards away in his automobile for the purpose of carrying the parties away to Dallas. Under the chapter on principals, articles 65 to 69, Penal Code, the acts of appellant, as described by the evidence, would make him a principal. We quote the language of Judge Lattimore in Rowan v. State, 260 S. W., 591, as follows: "There is another view of this matter. One is a principal who, having advised or agreed to the commission of an offense, is present when it is committed, whether he then aids or not. Article 78, P. C. It is not necessary, in order to make one 'present' within the meaning of this statute, that he be in immediate contact with the other actors. Bass v. State, 59 Texas Crim. Rep., 186, 127 S. W., 1020 (appellant about 100 yards away); Coffman v. State, 51 Texas Crim. Rep., 478, 103 S. W., 1128 (in the immediate vicinity); Grimsinger v. State, 44 Texas Crim. Rep., 1, 69 S. W., 583 (in woodshed, killing occurring in residence); Mason v. State, 32 Texas Crim. Rep., 95, 22 S. W., 144, 408 (in neighborhood). American & English Ency. of Law defines 'present' as 'being in view or immediately at hand.' McClains Crim. Law, sec. 200, lays down the proposition that if one takes some part in a criminal enterprise, it is not necessary that he take an active part if in the carrying out of the final criminal act he is participating in the common plan by doing something or being ready to do something in furtherance thereof, at a place other than that where the act is consummated. In the discussion in the Bass Case, above, will be found support on the two propositions that there was no need for a charge on circumstantial evidence because of the juxtaposition of the accused to the crime and the fact that he was near enough to it to make him a principal. By positive evidence in the case before us it was shown that appellant was present, in the sense we have just been discussing."

In Barnett v. State, 291, S. W., 540, this court said: "As applied to one actually absent in person from the scene of the commission of the offense, this means that the State must prove in some legal manner that the accused was a party to a plot or agreement to commit the crime, and that, after he had agreed with those actually committing the offense or others that same should be committed, or that some enterprise should be embarked upon whose execution fairly included the commission

of such crime, the proof must further show the accused was doing something at the very time of the commission of the offense which was in furtherance of the common purpose. Coomer v. State, 97 Texas Crim. Rep., 589, 262 S. W., 495."

According to the State's testimony, appellant had entered into an agreement with his co-defendants to commit the offense. At the time the robbery occurred appellant was less than four hundred yards away in his automobile for the purpose of carrying the parties to safety. Under the circumstances, although he was not physically present, appellant was a principal because of the fact that after having entered into an agreement to rob, he was at the very time of the commission of the offense, doing some act assigned to him in furtherance of the common design. Coomer v. State, 262, S. W., 495.

We are unable to agree with appellant's contention that the court was in error in permitting the State to introduce the confession. The officer taking the confession gave testimony which, if believed, warranted the conclusion that the confession was freely and voluntarily made. The court adequately submitted the issue to the jury.

We deem it unnecessary to discuss the remainder of appellant's bills of exception. A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews most of his contentions as originally presented, and points out what he insists is an erroneous statement in our opinion in that we said, in substance, that when the robbery was committed appellant was less than four hundred yards away in his automobile. In the testimony on cross-examination of Collier Brooks,—an admitted participant in said robbery,—appears the following: "John T. was not there when Horace Wells was robbed. He was up waiting on the corner of Common and Palace Streets. He was not four hundred yards away."

The John T. referred to was this appellant. On re-direct examination this witness said: "While we were robbing this

negro Horace Wells, John T. was waiting up there for us. We were then going to Dallas. He was going to carry me, Willie McWynn and Lemmie and himself to Dallas. Yes, sir, that had already been agreed upon between us and the defendant, all of us boys."

We cannot agree with appellant's contention. We are still of opinion that it was not error to charge on principals. If appellant was keeping watch at some reasonably near by point to aid in the effective getting away of his confederates, he would be a principal, and whether this was true or not, if supported by testimony,—would be a question for the jury.

There being no testimony offered by appellant contradictory to that above set out as given by Brooks, and the statement of appellant in his confession as follows: "It was understood and agreed between Collier and myself that we were to meet after the robbery somewhere on North Palace Street. In about thirty minuts Collier Brooks ran up to my car and just a few minutes later Lemmie and Willie ran up together," appearing to support that of Brooks, it was not error for the court to decline to give appellant's special charge, in effect, that the jury should acquit if they did not find from the testimony that appellant was present.

Nor do we think appellant's bill of exceptions No. 7 to present error calling for reversal. From same we learn that the State, on cross-examination of appellant while a witness, read to him a part of his confession and asked him if that was true. Appellant answered "Yes, sir," we drove down there,—not all of that is true." Appellant's counsel then said: "That includes several statements, and the latter might be true while the first might not be true; I think that is prejudicial." Thereupon the court remarked "He has answered it." Appellant's counsel then said: "The last part might be true while the first part might not." The court then observed: "The witness has said they were all true; overrule that objection." Appellant's counsel then said: "I would like to have a bill on when they first went to get Horace Wells on Erwin Street." The bill containing the above then further recites that appellant then and there objected to the testimony on the ground that the last statement might be true and other parts not true. After this statement, the bill proceeds to say that the court in the presence of the jury stated: "Witness has said they were all true; overrule that objection," which was excepted to as highly prejudicial to the rights of appellant.

The court approves this bill with the qualification that no

614

objection was made by appellant's counsel to the statement of the court. However, following the approving signature of the trial judge appears this: "The defendant in open court excepted to the qualifications of the above bill of exceptions," and this statement is also over the signature of the trial judge. The books are full of cases holding that if there be a qualification to a bill of exceptions and same be excepted to, and this latter fact be certified to by the court,—this court can not consider such qualification. If the appellant decline to accept the bill with the qualification appended thereto by the court, the trial judge should decline to approve appellant's bill and return it to him with his disapproval noted, in which case appellant could prepare his bystanders bill and the trial court could file his own bill.

However, in this case we think while in error in his statement that the "Witness had said they were all true," it appearing that the witness had stated that not all of the things read were true, still we have concluded after careful analysis of the bill that it fails to bring forward any error reasonably injurious to appellant. We have said in many cases that the bill of exceptions itself must meet the burden imposed by law on appellant, of showing by the recitals of the bill that he is hurt. See Note 23, Art. 667, Vernon's Ann. C. C. P. Nothing in this bill, viewing it in the most favorable light for the defense, would justify a belief on our part that the erroneous statement of the trial court conveyed anything to the jury to the injury of the accused. The jury had heard his confession read in evidence; they had heard him deny in specific terms much of it before the question contained in this bill was asked; they had also heard him affirm on his direct examination the truth of most of the things appearing in that part of his confession which appears to have been read to him as set out in this bill of exceptions.

Being unable to agree with the contentions made in appellant's motion, same will be overruled.

*Overruled.*