## J. C. WYNN V. STATE.

No. 26,714. January 13, 1954.

*Ben F. Mooring*, Paris, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of whisky for sale in a dry area, with punishment fixed at a fine of $1,000 and 365 days in jail, enhanced by reason of a prior conviction for an offense of like character.

The residence situated at 304-5th Street, Southwest, in Paris, Texas, was a duplex apartment. The two apartments were entirely separate and distinct one from the other. The north apartment was occupied by a family who are not further identified in this record.

After obtaining a search warrant to search the above residence, alleged to be occupied by unknown persons, the sheriff and his deputy went to the vicinity of the dwelling and there lay in wait to see who came to or went from the residence.

Appellant was seen to drive an automobile "behind the house" and back up and drive off. One Williams was in the automobile with him. Some thirty minutes later, the same parties in the same automobile, with appellant driving, were seen to pull into the driveway. The two officers then approached the house from the rear. Williams got out of the automobile, went to the rear door of the south apartment, and was in the act of unlocking the door when the officers appeared. The officers told Williams to unlock the door, which he did. The apartment was vacant

and unoccupied. A large quantity of beer and whisky was found in the bathroom thereof.

There was evidence that Williams' license to drive an automobile was, at that time, suspended. Other than a showing by the circumstances of possession by Williams of a skeleton key, there is no testimony suggesting who was in possession of the house. There is no testimony as to who was the actual owner of the house. There is an absence of any testimony identifying the ownership of the automobile in which the parties were riding.

Appellant insists that the trial court erred in failing to charge upon circumstantial evidence, as requested.

It is the rule of long standing that if the main fact is proved as a matter of inference from the other facts in evidence, the case rests upon circumstantial evidence. Branch's P. C., Sec. 2478.

Here, appellant's guilt of possessing the intoxicating liquors found in the apartment is made to depend, alone, upon the inference to be drawn by his presence at the time and upon his prior association with Williams, who had possession of the key to and was endeavoring to enter the apartment at the time he was apprehended.

It is upon the facts stated that this conviction is predicated. Appellant attacks such facts as being insufficient to support the conviction.

In view of the fact that we have concluded the case must be reversed for another reason, we will pretermit a determination of that question at this time.

The charge upon circumstantial evidence should have been given to the jury.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.