KENNETH RAY BENNETT V. STATE

No. 27,075. June 26, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 13, 1954

*E. A. Blair*, Lubbock, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty and assessed a fine of $200 and one year in jail under complaint and information which charged that he possessed beer and whisky for the purpose of sale in a dry area, after he had been previously convicted of a like offense.

The sufficiency of the evidence to sustain the conviction is challenged.

The proof shows that on January 12, 1954, at about 7:20 A.M., two cars were involved in a collision at 40th Street and Avenue P, in Lubbock.

Witnesses who had observed the green Chevrolet Tudor just prior to the accident testified that it was traveling at a speed of about fifty miles per hour; that when they arrived at the scene there were two persons in the Chevrolet.

One Gentry was in the driver's seat and appellant was beside him. They had apparently been thrown forward, appellant being against the instrument panel and windshield with the seat at his back.

Appellant complained of pain when effort was first made to get him out, but otherwise appears to have said nothing.

Gentry said to the witnesses, "Can some of you gentlemen (or fellows) help us get this stuff out of here?"

Officers who arrived at the scene shortly thereafter took charge of the car and took therefrom 337 cans of beer, 7 four-

fifth quarts of whisky and 2 four-fifth quarts of Vodka, a large part, if not all of which was between the front and rear seat of the Tudor Chevrolet, was visible and seen by the witnesses as they approached the car. Other containers were broken and the witnesses noticed the odor of alcohol about the car.

Proof was made of the prior conviction alleged to enhance the punishment, the evidence showing that the conviction was upon a plea of guilty to possession of whisky in a dry area for the purpose of sale.

Appellant urges that this evidence shows the mere presence of appellant and points to the lack of evidence as to the ownership of the car; the fact that Gentry was evidently the driver, and the absence of testimony showing even so much as an acquaintance between appellant and Gentry. He relies upon authorities which are to the effect that where the evidence shows an equal opportunity of another or others to possess the liquor, the state must disprove such possession in the other or others.

We do not place such emphasis upon the position the parties occupied in the car. The evidence, as we view it, is such as to support a finding by the jury that appellant and Gentry were jointly in possession of the whisky and beer found in the car.

Nor do we agree that the fact that Gentry was in the driver's seat required the court to submit to the jury the question of whether Gentry possessed the liquor to the exclusion of appellant and without his guilty participation in the unlawful act.

The trial court correctly charged the jury that possession means to exercise control over; that possession need not be exclusive and that ownership was not essential to possession.

We overrule appellant's remaining contention which relates to the language of the charge submitting the enhancement of punishment by reason of the former conviction. The court used the phrase "In the event you find him guilty of the present offense . . ." We do not agree that this was a comment upon the weight of the evidence. There was no controversy here as to whether or not an offense was committed; the issue was appellant's guilt or innocence in reference to it. The complained of phrase conveyed to the jury no intimation of the court's opinion on that subject.

The evidence is deemed sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

MORRISON, Judge (dissenting).

In view of the lateness of the hour, I will not be able to state fully my reason for dissenting in this case. As I see it, for all this record reveals, this appellant may have been a hitchhiker who caught a ride with Gentry. Such evidence should not be held sufficient to support a conviction for crime.

I respectfully enter my dissent.