JAMES ROBERT MCCORMICK V. STATE.

No. 31,151. December 2, 1959.

*Clyde Elliott, Jr.,* Canton, for appellant.

*James S. Grisham,* District Attorney, Canton, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, twenty years.

The robbery occurred at approximately 7:30 P.M. at the Kellam farm near the town of Colfax in Van Zandt County. One Barnes and one Tunnell approached the Kellam home on foot from a direction opposite the highway which ran in front of the house, entered the same, took money and checks from Kellam at gun point, and left in Kellam's automobile. The convictions of both of these parties have been by this court affirmed. See Barnes v. State, (page 239, this volume), 325 S.W. 2d 388, and Tunnell v. State, (page 358, this volume), 327 S.W. 2d 590.

In order to show that this appellant was a principal to the robbery, the state relied upon the following evidence:

Barnes and Tunnell were seen in the city of Canton in said county talking to an unidentfied man who was seated in an automobile early in the evening of the day in question. One Furrh brought appellant from Mesquite, Texas, where he had been working, to Wills Point and let him out at a sales barn at 6 P.M. on the same night where the appellant said he intended to play some cards. Appellant was shown to have worked with Barnes in the past and to have run a cafe at Wills Point some time before and to have known Kellam who was a route salesman.

At the time the robbers entered Kellam's home he was talking over the telephone to his friend Pippin, the postmaster at Van some six miles away. The alert Mr. Pipping detected that all was not well at the Kellam home and set out to investigate. As he approached the Kellam home he saw his friend's automobile back out of the driveway and drive off in the direction of Canton. He brought his automobile to a halt and backed up even with Kellam's home and saw that all the lights were out. At this moment another automobile passed at a high rate of speed also going in the direction of Canton, and Pippin followed. After he caught up with the automobile which had passed he noted the license number and saw Kellam's automobile approximately a city block ahead of it. At an intersection in the road the automobile which he identified as a Pontiac came to a halt, Pippin passed near it, and identified appellant as the driver. The Kellam automobile proceeded on toward Canton and Pippin turned off on another road, went to a nearby house and called the police, after which he returned to the Kellam home.

A short while later that night officers apprehended the Pontiac approximately twenty miles south of Canton. Appellant was the driver, and Barnes and Tunnell were his passengers. In the automobile and on the persons of Barnes and Tunnell were found the fruits of the robbery and the pistols and masks which had been used. Nothing was found on appellant's person. Several hundred dollars in money and a check payable to Kellam were found "stuck down in between the seat and the back" "right at the right of where you would sit" at the steering wheel.

Kellam's automobile was found at a roadside park five miles east of Canton in the direction of Kellam's house.

Appellant did not testify in his own behalf but called a number of witnesses who testified that he had not been convicted of a felony and bore a good reputation as a peaceable and law-abiding citizen.

Over proper objection the trial court refused to charge the jury on the law of circumstantial evidence. Reliance is had upon Burleson v. State, 132 Texas Cr. Rep. 2, 101 S.W. 2d 1020, wherein we find a fact situation very similar to the one before us here. In that case accused entered into an agreement with the injured party whereby he and one Jordan were to consummate an unlawful currency transaction with him, and accused inquired if the injured party was possessed of the funds to complete the same. After being assured that he was, the accused

left and soon thereafter Jordan came to the injured party's room and robbed him and was, upon his departure, seen leaving in an automobile with the accused. Judge Hawkins, in speaking for the court, said that the evidence was devoid of any proof that the accused knew that a robbery was contemplated except from the surrounding circumstances and reversed the conviction for the failure to charge on the law of circumstantial evidence. In the case at bar the main fact to be proved was that appellant participated in the commission of the robbery.

In the cases relied upon by the state, such as Rowan v. State, 97 Texas Cr. Rep. 130, 260 S.W. 591, Moody v. State, 106 Texas Cr. Rep. 55, 290 S.W. 161; White v. State, 154 Texas Cr. Rep. 489, 328 S.W. 2d 165, and Hill v. State, 135 Texas Cr. Rep. 567, 121 S.W. 2d 996, there was evidence from an accomplice witness or a confession of the accused to this main fact and they are therefore not controlling here. The proof of such main fact in the case at bar rests entirely upon circumstantial evidence and the court erred in failing to give the charge requested.

For the error pointed out, the judgment is reversed and the cause remanded.