## Gilbert Munoz v. State

No. 34,575.  May 2, 1962
Motion for Rehearing Overruled June 6, 1962

*Albert Reagan,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Bill Watts, Harold Adams, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, 90 days in jail.

The State's proof shows that on the night in question two automobiles were involved in a major accident at the corner of Field and Ross Avenue in the City of Dallas. Upon being advised of the collision, Officer Edgar L. Smith, Jr., and his partner proceeded to the scene around 12:15 A.M. When they arrived, appellant was seated on the front seat of one of the automobiles on the passenger's side. Officer Smith testified that after he arrived and was informed by someone at the scene that appellant had a pistol in his possession he went to the automobile in which appellant was seated and proceeded to search his person for a weapon. The officer stated that in the search he found under appellant's coat on the inside of the lapel a .38 caliber Colt loaded snub nose pistol which he took from him. No objection was made by appellant to Officer Smith's description of the search and to the introduction of the pistol in evidence.

Testifying as a witness in his own behalf, appellant denied that he was carrying the pistol on the night in question. Appellant testified that prior to the accident he had been to a New

Year's Eve dance and at the time of the collision he was riding in the automobile with Carlos Martinez, the driver, and another passenger, Chico Jiminez. Appellant further stated that he did not see a gun in the car. Witnesses were called by appellant who corroborated his claim that he was not carrying the pistol. His mother testified that she helped him dress before he left home around 9 P.M. and that she did not see any pistol on his person. The witness Clemencia Valderal testified that she danced with appellant at the dance before the accident and did not see a gun on him. The witness Tony Jiminez testified that he and his wife had been in the automobile with appellant and Carlos Martinez and that when they got out of the automobile sometime prior to the collision his wife left the pistol, which belonged to him and his wife, on the front seat.

The jury chose to accept the testimony of the State's witnesses and reject that of the appellant and we find the evidence sufficient to sustain their verdict.

The record contains no formal bills of exception and there are no objections to the court's charge.

No brief has been filed on behalf of the appellant.

We have carefully examined the informal bills of exception appearing in the statement of facts to the court's rulings on the admission or rejection of testimony and the appellant's objections to certain jury argument by State's counsel and find no reversible error therein.

The reference by State's counsel in his closing argument to the appellant's record in the hands of the district attorney and that he had previously entered a plea of guilty to carrying a concealed weapon does not present reversible error as such statement was clearly invited and in reply to the argument of appellant's counsel when he stated to the jury, in substance, that the State had appellant's record and if he had done anything wrong they would know about it. Furthermore, the court instructed the jury not to consider the argument. Wells v. State, 153 Texas Cr.Rep. 331, 220 S.W. 2d 148 and Owens v. State, 164 Texas Cr. Rep. 613, 301 S.W. 2d 653.

The judgment is affirmed.

Opinion approved by the Court.