WILLIAM RUTLEDGE SCELLES V. STATE

No. 34,712.   June 27, 1962

*John J. Browne,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., J. R. Musslewhite,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of morphine, a narcotic drug; the punishment, enhanced by two prior convictions for felonies less than capital, life imprisonment.

The evidence adduced upon the issue of appellant's guilt of the primary offense is substantially the same as was introduced in the companion case of Blaylock v. State, 352 S.W. 2d 727, and shows:

Certain officers, armed with a search warrant, went to an

apartment at the address named to search for narcotic drugs. When they arrived they looked into the apartment through a window and observed the appellant seated on one bed and Frederick Engle seated on another. Linda Blaylock was standing beside Engle, who was injecting a fluid into his arm with a bulb and syringe. Both appellant and Linda were watching Engle, and appellant was rubbing his own arm.

The officers proceeded to make a forced entry into the apartment, at which time appellant and his companions ran toward the rear of the house. Engle and Linda ran into the bathroom and appellant was apprehended in the kitchen. Appellant had some needle marks on the inside of his left elbow. As the officers entered the bathroom, Engle was pushing the syringe in the commode and flushing the commode. A piece of bloody rag was recovered from the commode.

In the search of the apartment, the officers found a rubber bulb and eye dropper in a lady's overnight case in the kitchen. Inside the bulb and eye dropper was a brownish fluid. A bottle containing a brownish liquid was found in a kitchen cabinet. A plastic container and two hypodermic needles were also found on top of the kitchen cabinet.

A chemical analysis run upon the contents of the rubber bulb and the bottle revealed that the bulb contained thirty milligrams of morphine and the bottle contained twelve milligrams of morphine, a narcotic drug.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals.

Appellant requested a charge on circumstantial evidence which was by the court refused, with exception noted by appellant. Objection was made to the charge on the ground that such instruction was not given, which objection was by the court overruled, with exception noted by appellant.

In refusing to give the charge on circumstantial evidence, the court fell into error.

In 24A Texas Jur.., Sec. 117, pages 718-726, under the title "Instructions", it is stated:

"It is a well-established principle of law that, if the main fact in a case is proven as a matter of inference from other

facts in evidence, the case rests wholly in a legal sense upon circumstantial evidence.

"But a charge upon circumstantial evidence is required only where the evidence of the main facts essential to guilt is purely and entirely circumstantial. Such an instruction need not be given when the state's evidence is direct, nor if the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony."

In the instant case the main fact sought to be proved was that appellant possessed the morphine in question.

There is an entire absence of any direct evidence that he did possess it. While he was present on the premises when it was found, there is no direct evidence that he owned or controlled the premises. Although an officer testified that he had observed appellant enter the premises on four or five different occasions, he did not testify, positively, that appellant lived in the apartment but did testify that Linda Blaylock lived there.

Appellant's guilt of possessing the morphine is made to depend upon the inference to be drawn by his presence on the premises on the occasion in question and the other facts and circumstances shown by the evidence. Proof of his mere presence on the premises at the time the offense was committed, although made by direct evidence, is insufficient to support the conviction.

Under the record, a charge on circumstantial evidence should have been given. Wynn v. State, 159 Texas Cr. Rep. 300, 263 S.W. 2d 566; Nailing v. State, 203 S.W. 2d 221, and Frazier v. State, 143 Texas Cr. Rep. 324, 158 S.W. 2d 809.

We are unable to agree with the state that because the court instructed the jury on the law of principals a charge on circumstantial evidence was not required. Appellant's guilt as a principal also depended on proof by circumstantial evidence. Harris v. State, 15 Texas App. 629; Burnam v. State, 61 Texas Cr. Rep. 616, 135 S.W. 1175; and McCormick v. State, 168 Texas Cr. Rep. 489, 329 S.W. 2d 436.

The record shows that, in proving the enhancement allegations of the indictment, the state was permitted by the court to introduce in evidence before the jury the indictment in the second prior alleged conviction, which contained an enhancement allegation of another prior conviction. Appellant objected to the

admission of the indictment in evidence, on the ground that it contained a second-offender allegation which was an extraneous matter and prejudicial to him. While appellant's objection to the entire indictment on such ground was not well taken, if, upon another trial, the objection is restricted to the enhancement allegation of the indictment, the objection should be sustained and the court should not permit the enhancement portion of the indictment to be introduced in evidence before the jury. Heard v. State, 148 Texas Cr. Rep. 219, 184 S.W. 2d 285, and McGill v. State, 160 Texas Cr. Rep. 324, 269 S.W. 2d 398.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.