Robert Lee CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 36028.

Court of Criminal Appeals of Texas.

Nov. 20, 1963.

Rehearing Denied Jan. 8, 1964.

Ronald Aultman (on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Gordon Gray, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with two prior felony convictions alleged for enhancement; the punishment, life.

Reverend Grubbs, pastor of the Evans Avenue Baptist Church in Fort Worth, testified that when he arrived at the church on Monday morning, he found that a window had been pried open, one safe badly damaged and another smaller safe missing. He identified the smaller safe, later recovered by the officers, as being the one taken from his church.

Officer Hawkins testified that sometime later he talked to appellant, who was then in custody, and as a result of such conversation, he recovered the safe in question from the Trinity River, near the Randol Mill Road.

Officer Lynn testified that he talked to appellant while in jail and secured from him a voluntary written confession which was introduced in evidence and which recited that appellant entered the Evans Avenue Baptist Church through a back window, took a safe which he carried north of the Randol Mill Road at the Trinity River, where he opened it and after removing the money therefrom, threw it off the bridge.

The prior convictions were established in the manner approved by this Court in Reyes v. State, Tex.Cr.App., 353 S.W.2d 450, and appellant did not testify or introduce any evidence in his own behalf.

▪ We shall discuss the contentions advanced by court appointed counsel on appeal by brief and in argument. He contends that the court erred in overruling his motion for mistrial when Officer Lynn, in stating his reason for being present at Captain Brown's office at police headquarters on a day in question when he saw appellant, said that he had been sent there to "question these subjects about some burglaries in the southeast part of the county." Appellant's objection that the answer was unresponsive was sustained. No motion or request to have the answer stricken or the jury instructed to disregard it was made. We have concluded that the answer was not of such a prejudicial nature that an instruction from the court to the jury to disregard it could not have cured the claimed error. Bolick v. State, 165 Tex.Cr.R. 493, 309 S.W. 2d 74, and the cases there cited. It should be borne in mind that the answer set forth above does not constitute a direct averment that appellant had committed the other burglaries mentioned.

▪ He contends that error was committed when the following occurred. Pro-

bation Officer Walley testified for the State that he was present when probation was granted appellant in the first felony case alleged for enhancement. He was asked if he later saw appellant back in court on October 23. An objection was interposed that the question was leading, and Walley was then asked if he had later seen appellant in court. To this he replied, "Yes. He was picked up and charged with a misdemeanor and found guilty of that on September 28." Appellant's objection was sustained and the jury was instructed not to consider the answer. The next question by the State elicited the reply that he saw appellant in court on October 23, at which time the State's motion to revoke probation was granted. The judgment revoking probation found in the record reflects that it was entered on October 23. In view of the oral and written confessions, the proof of the two prior felony convictions, plus the fact that the answer was unresponsive, we are unable to bring ourselves to conclude that proof of an extraneous misdemeanor, though improper, should call for a reversal of this conviction.

▪ Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Appellant's motion for rehearing presents as the question to be decided: "Should State be permitted to offer evidence of extraneous offense in habitual case?"

The trial judge correctly answered this question in the negative when he sustained appellant's objection and instructed the jury not to consider such evidence.

We gave a similar answer in our opinion on original submission by our holding that proof of the extraneous offense was improper. See also Scelles v. State, 172 Tex. Cr.R. 474, 358 S.W.2d 623.

It does not follow that such evidence coming before the jury in the manner stated in our original opinion and promptly withdrawn from the jury's consideration by the court required that the appellant's motion for mistrial be granted, or that such improper evidence calls for reversal of the conviction.

We direct attention to the fact that the jury did not assess the punishment of life imprisonment against the appellant, hence the improper evidence cannot be said to have influenced the jury in regard to punishment.

The punishment being definitely fixed by Art. 63 P.C., there remains only the question of whether the improper evidence, promptly withdrawn, may have influenced the jury in finding the appellant guilty of the burglary for which he was on trial.

In view of the record, the contention that it did would not be tenable.

Appellant's motion for rehearing is overruled.