**Larry DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39437.

Court of Criminal Appeals of Texas.

March 23, 1966.

Herbert H. Landau, Dallas, for appellant.

Henry Wade, Dist. Atty., Harryette Bercu, Curtis Glover and W. John Allison, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for felony theft; the punishment was assessed at seven years.

Edgar McKinney testified that on May 12, 1965, he was the manager of the Buster Lyon Auto Company which was a used automobile business, and when Lyon was away he had the care, custody, and control of the business which was located at the corner of Main and Oakland streets; that there were two entrances which were closed at night by locking the chains across the entrances; that the business was closed about 8 p. m. Wednesday, May 12, and when he returned to the lot about 7:30 or 8 a. m. the next morning the chain across the entrance on Oakland was down and a light blue Falcon four-door sedan of the market value of $695 was missing; and that it had been taken from his possession and without his consent. On cross-examination he stated that he was not present at the lot when it was taken.

Benny Scott testified that when he arrived at the corner of Main and Oakland streets about midnight May 12, he saw a light blue Falcon headed against the curb on Oakland across the street from the used car lot; that he saw a man stooping in front of an automobile on the used car lot, and as he approached with his flashlight he saw an officer on the lot. While testifying he identified the appellant as the man he saw in front of the car and then crawl underneath it; that he showed the officer where appellant was and the officer took him into custody. He further testified that he never saw anyone in the Falcon and that its motor was running.

Officer Forreston testified that as he waited for a red traffic light at Main and Oakland he saw a light blue Falcon moving slowly across Lyon's used car lot. As he drove by the driveway of the car lot on Oakland after the light changed, he saw a Falcon coming across the lot and a person opened the door and jumped out of the car, and the car continued moving on the lot, broke the chain across the driveway and continued across the street with no one in it and stopped against the curb on Oakland. At this time he saw a man behind the second car from the driveway who crawled underneath a car. Forreston identified the appellant as the man he took from under the car. The ignition keys were in the Falcon.

The appellant testified that after drinking beer and wine until about 10:30 p. m. he started home but because he was drunk, stopped by the car lot and crawled underneath a car where he had been about an hour when the officer awoke him; that he never jumped from the moving car or took it from the lot.

Appellant contends that the evidence is insufficient to support the conviction on the ground that Edgar McKinney, the alleged owner, did not have the control, care, and management of the alleged stolen automobile.

Edgar McKinney testified that he was the manager of the Lyon Auto Company and had the care, custody, and control of the business when Lyon was away; that he had worked May 12, 1965, and the chains were locked across the driveways Wednesday night, and when he arrived at the car lot about 7:30 or 8 a. m. Thursday morning he found the Falcon missing; and he testified that the Falcon was taken from his possession and without his consent. This evidence was sufficient to authorize the jury to find that he had the control, care, and management of the Falcon at the time it was taken as alleged.

By formal bill reversible error is urged on the ground that while "defense counsel was making his argument to the jury, and made the following statement:

'Mrs. McKinney, the state's witness is not shown to have the ownership or custody of the auto lot. Mr. McKinney said that he has custody when Lyon is away, and McKinney said that Lyon was not away that day.'

To which argument in substance, State's counsel objected with the Court sustaining said objection, to which ruling the Defense counsel excepted."

The entire argument is not brought forward in the record. The bill fails to certify that it contains all the argument on the question raised or that no other argument of the same or similar nature was made without objection. The bill does not present error.

The evidence is sufficient to support the conviction. Esparza v. State, Tex. Cr.App., 367 S.W.2d 861.

The judgment is affirmed.

Opinion approved by the Court.