**Warren James HANFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40764.**

Court of Criminal Appeals of Texas.

Nov. 15, 1967.

Rehearing Denied Jan. 3, 1968.

Herschel B. Cashin (on appeal only), Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., Thomas L. Douvry and Albert G. Redmond, Asst. Dist. Attys., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, 35 years.

The indictment alleged that appellant ravished and had carnal knowledge of the female named therein who was under the age of 18 years and not the wife of appellant.

Trial was on a plea of not guilty and, having returned a verdict finding appellant guilty, further evidence was introduced on the question of punishment to be assessed by the jury.

The sufficiency of the evidence is not challenged.

The ground of error set forth in appellant's brief relates to the argument of counsel for appellant at the hearing on punishment and the court's ruling on the state's objection, and is brought before us by formal bill of exception with the court's qualification.

The record reflects that no request was made that the court reporter take shorthand notes of the arguments and such arguments are not shown in the record.

Recently, in Davis v. State, 400 S.W.2d 568, this court said:

"The entire argument is not brought forward in the record. The bill fails to certify that it contains all the argument on the question raised or that no other argument of the same or similar nature was made without objection. The bill does not present error."

The argument referred to in appellant's bill of exception was to the effect that the 15 year old girl was not afraid of appellant else she would have called out to a police officer they passed, or would have attempted to escape when appellant got out and went around the car.

The bill as qualified reflects that appellant's counsel had made the same type of argument to the jury in arguing on the issue of guilt or innocence without objection from the state, and the state's objection which was sustained came after the argument was repeated.

The trial court declined to certify that he instructed the jury to disregard the remarks of counsel for appellant.

If the claimed error of the trial court in sustaining the state's objection is before us,

it is not such error as would warrant reversal.

■ · On the issue of punishment, proof was offered of a number of prior felony convictions and appellant admitted his identity as the defendant therein.

The judgment is affirmed.