Gustavo CAPUCHINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 43788.

Court of Criminal Appeals of Texas.

May 26, 1971.

Rehearing Denied July 7, 1971.

———◆———

M. N. Garcia, Austin, for appellant.

Robert O. Smith, Dist. Atty., Philip A. Nelson, Jr., and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from a conviction for possession of marihuana. The trial was before the court on a plea of not guilty; the punishment was assessed at four years.

The sole issue presented on this appeal is whether probable cause existed for the search of appellant's automobile and the seizure of the marihuana which was admitted into evidence at the trial.

The appellant's brief was not timely filed under Article 40.09, Section 9, Vernon's Ann.C.C.P. However, in the interest of justice under Section 13 of Article 40.09 his contention will be discussed.

Officer Chew of the Austin Police Department testified that at approximately 1:00 a. m. on the morning of May 6, 1969, he stopped appellant's automobile because it had no brake lights. After having stopped the automobile, he realized that it was identical to a car described in a teletype "pick-up" from the Department of Public Safety. Officer Chew then called for the assistance of Sergeant Spain of the Special Services Detail, who searched the vehicle and found 5.9 grams of marihuana in a matchbox hidden under the dashboard near the ignition of the car.

Sergeant Spain testified that Officer Chew called him in reference to the Department of Public Safety "pick-up" which described a 1964 Ford, license number BKL 123, being driven by one Buster Capuchino, the appellant. The "pick-up" directive stated that Capuchino would be en route from McAllen to Austin and would be carrying thirty pounds of marihuana. There was no estimated time of Capuchino's arrival.

Sergeant Spain further testified that he knew of the "pick-up" and that it had been issued on May 5, 1969. He also testified that probable cause for his search of the automobile was based on the following: that he knew of Capuchino's arrest and conviction record which included a prior conviction for violation of the federal narcotic laws; that he had information from a reliable and credible informant, from whom he had received correct information in the past, that Capuchino had left to go to South Texas to buy some marihuana and that Capuchino was dealing in marihuana in Austin and the informant had recently seen marihuana in Capuchino's possession; that he had received essentially the same information from Sergeant Hersom, who had gotten it from a reliable informant.

Appellant contends that the stopping of his vehicle for driving without brake lights did not give rise to probable cause for the search.

The officer was authorized to stop the vehicle for the traffic violation. See Article 6701d, Sections 118 and 153, Vernon's Ann.Rev.Civ.St. Article 14.01, Section (b), V.A.C.C.P., provides that an officer may arrest for any offense committed in his presence.

After the car was stopped, Officer Chew testified that he remembered a pick-up or-

der had been issued for it. The search was later made. Even if there had been no traffic violation, there was sufficient testimony for the trial court to conclude that the officers had probable cause to make the search. Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921; Cisneros v. State, Tex.Cr.App., 456 S.W.2d 400; Rangel v. State, Tex.Cr.App., 444 S.W.2d 924, and Taylor v. State, Tex.Cr.App., 421 S.W.2d 403. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

The judgment is affirmed.