Roland F. DENNY, Appellant,

v.

The STATE of Texas, Appellee.

George FORFAR, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 43654, 43655.

Court of Criminal Appeals of Texas.

June 23, 1971.

On Rehearing Nov. 2, 1971.

Rehearings Denied Dec. 21, 1971.

Sam Houston Clinton, Jr., of Clinton & Richards, Austin, for appellants.

Robert O. Smith, Dist. Atty., Harold Jaquet and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeals are from convictions in a joint trial for possessing marihuana. The punishment assessed by the court, after a finding of guilt by the jury, was four years probated for each appellant.

The indictment alleged that William L. Wooten and these appellants, Denny and Forfar, possessed marihuana. Only Denny and Forfar have appealed. The record does not show what punishment, if any, was assessed against Wooten.

The State's evidence reflects that officers stopped an automobile driven by Wooten in which Denny and Forfar were riding and found 2.29 grams of marihuana described as enough to make eleven cigarettes.

The sufficiency of the evidence to show that these appellants possessed the marihuana is challenged.

The record reflects that at night on April 25, 1969, Officer Bousquet and Cadet Maulloux of the Austin Police Department saw a Volkswagen Karman Ghia being driven onto the parking area of the Elisabet Ney Museum in Austin. As the officers approached, the automobile turned around and left the parking lot. The officers testified that they then attempted to stop the automobile and caution the driver about the way he was driving. The driver would not stop. The officers pursued it and noticed that the license plate light of the automobile was not burning. After traveling several blocks, the officers managed to stop the vehicle. Wooten got out, and Officer Bousquet went to the Karman Ghia, bent over and smelled an odor of what he thought to be burned marihuana. The officers then called the special services detail of the Austin Police Department. Within five minutes Sergeants Phillips and Freudenberg arrived and searched the automobile. Phillips found a matchbox which contained some loose marihuana and a marihuana cigarette lying underneath a record album under the left front seat of the automobile.

We must consider the testimony in the light most favorable to the verdict; it shows that the officers smelled smoke inside the Karman Ghia, a very small automobile. Cigarette papers like those used for marihuana cigarettes were found in Denny's pocket. Testimony introduced by the appellants shows that the marihuana was found in a matchbox under a record album that had been purchased by Forfar that afternoon. The three men were inside the small automobile.

We hold that the jury had before it sufficient evidence to conclude that all of the occupants had possession of the marihuana. See Bennett v. State, 160 Tex.Cr.R. 354, 271 S.W.2d 284.

Culmore v. State, Tex.Cr.App., 447 S.W.2d 915, relied upon by the appellants, presents a somewhat different fact situation. There a search of an apartment was made. Culmore was in a den. The marihuana was found in a bedroom down the hall from the den. In the present case the facts show a smell of apparently freshly burned marihuana in the small car.

The appellants contend that the court erred in admitting into evidence the marihuana and cigarette papers on the grounds that the arrest and subsequent seizure of the evidence were illegal. The evidence that no light was burning over the license plate of the car gave the officers the right to stop the vehicle. Article 6701d, Sections 111(b) and 153, Vernon's Ann.R.C.S.; Capuchino v. State, Tex.Cr.App., 468 S.W.2d 379. Article 14.01, Section b, Vernon's Ann.C.C.P., provides that an officer may arrest for any offense committed in his presence.

After the vehicle was stopped, Officer Bousquet put his head in the window to talk to the passengers and he testified that he smelled what he thought was marihuana smoke. He testified that he had smelled

burning marihuana during his police training. The evidence was sufficient for the trial court to conclude that there was probable cause for the search. See Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

No error has been shown.

Contention is made that reversible error was committed when the trial court admitted, over objection, proof that two of the defendants had long hair and beards and that one of them, which one is not shown by the record, had shorter hair and was beginning to grow a beard at the time they were arrested.

The State offered this testimony stating that it was res gestae of the arrest.

Article 38.22, Section 1(f), V.A.C.C.P., provides, in part: "Nothing contained herein shall preclude the admissibility * * * of any statement that is res gestae of the arrest or of the offense."

While the meaning of this provision is not exactly clear, the Legislature apparently intended to keep in effect the previous decisions of this Court concerning the res gestae of the arrest or of the offense.

In Yaffar v. State, 171 Tex.Cr.R. 341, 349 S.W.2d 730, a driving while intoxicated case, this Court held that testimony of the officers about finding a pistol in the car was admissible as res gestae.

Barbiturates and a pistol found in an automobile in which an accused had been riding just before being arrested for possessing marihuana were held to be a part of the res gestae in Beeler v. State, Tex. Cr.App., 374 S.W.2d 237.

In Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709, 712, the following is written:

"* * * Acts done, statements and appearance of the participants, and other similar circumstances are all admissible as part of the res gestae when a witness narrates the events surrounding an offense."

While the testimony in the present case about the appearance of the three co-defendants at the time of their arrests when they possessed marihuana added nothing toward proving their guilt or innocence, it was admissible as a part of the res gestae of the offense and arrest.

No reversible error is shown.

It is contended that the court erred when he defined possession in the charge as follows: "By the term 'possession' as used in this charge is meant the care, custody, control or management of the item in question."

Appellants' objections to this definition were that it did not include the word "actual" and that the court did not require possession to be to the exclusion of all others.

In Garza v. State, Tex.Cr.App., 468 S.W.2d 440, the following instruction was given: "By the term 'possession' as used herein, is meant the care, custody, or control or management of the item in question." This is practically the same definition as the one given in the present case. We hold as we did in Garza v. State, supra, that the charge given was not erroneous.

No error is shown.

Complaint is made because the court overruled the following objection to the court's charge:

"Defendants object and except to the charge as a whole for the reason that it fails to include a charge on *substantial* evidence in the face of an absence of any direct evidence that either Defendant did possess the marihuana, their guilt of possession thereby being made to depend upon the inference to be drawn by the presence of each in the automobile and other facts and circumstances shown by the evidence." (Emphasis supplied)

Assuming that the objection raises the failure to charge on circumstantial evidence, this contention will be discussed.

In Fisbeck v. State, 166 Tex.Cr.R. 105, 311 S.W.2d 865, the conviction was for transporting vodka, gin and beer in a dry area. The car was being driven by Fleming and owned by the other occupant. The trunk of the car was searched and the intoxicating liquor was found. This Court held that a charge on circumstantial evidence was not required where the court instructed the jury that they must find beyond a reasonable doubt that the accused knew that the intoxicants were in the automobile.

In the present case the court gave such an instruction.

More than one person may possess the same thing. Evans v. State, Tex.Cr.App., 456 S.W.2d 911.

Scelles v. State, 172 Tex.Cr.R. 474, 358 S.W.2d 623, relied upon by appellants, is distinguishable. There the conviction was for the possession of morphine. The officers saw Scelles in an apartment seated on a bed rubbing his arm and watching Engle injecting fluid into his arm with a bulb and syringe. Morphine was found in the kitchen in a lady's overnight case and on top of the kitchen cabinet in a bottle. There was no positive testimony that Scelles lived there but there was proof that Linda Blaylock (who was convicted, Blaylock v. State, 171 Tex.Cr.R. 665, 352 S.W.2d 727) lived there.

We hold that no charge on circumstantial evidence was required.

It is contended that reversible error was committed when one of the prosecutors argued that it was common knowledge that one did not smoke a marihuana cigarette like an ordinary cigarette in that one would take a puff of a marihuana cigarette and then pass it to another person who would then take a puff and pass it on to the next person.

Before this argument was made, one of the assistant district attorneys in his opening argument asked if the marihuana smoke just blew into the car or was it smoke from a cigar. He then stated: "Ladies and Gentlemen, somebody was passing the cigarette around in that car. Nobody will come forward and take it. Somebody was passing it around." No objection was made to this argument.

Appellants' counsel in his argument to the jury referred to the argument about passing around the marihuana cigarette. He also told the jury that the other prosecuting attorney in his closing argument " . . . will have it passed around, too, and he is going to suggest, or at least that, in itself, would suggest that somebody was under the influence of marihuana, wouldn't it?

Assuming that it is not common knowledge that people who smoke marihuana cigarettes take a puff and then pass it to the next person, the error, if any, in the argument was harmless because the same argument was before the jury during the opening argument for State without objection. See Davis v. State, Tex. Cr.App., 400 S.W.2d 568; 5 Tex.Jur.2d, Appeal and Error, Section 262.

Further, when appellants' counsel told the jury that during the closing argument the other prosecutor would tell them about the cigarette being passed around, he invited such argument.

No error is reflected in argument which has been invited by and is in response to argument of defense counsel. Ewalt v. State, Tex.Cr.App., 363 S.W.2d 279; Munoz v. State, 172 Tex.Cr.R. 423, 357 S.W.2d 385; Scarborough v. State, 171 Tex.Cr.R. 83, 344 S.W.2d 886. See 5 Tex. Jur.2d, Appeal and Error, Criminal Cases, Section 438, and 1 Branch's Ann.P.C.2d, Section 383, page 403.

Lastly, appellants contend that the court erred in overruling the motion to quash the indictment which alleged in effect "that prohibitions and penalties in Article 725b, Vernon's Ann.P.C., with respect to

private possession of marijuana are impermissible invasions of privacy in the absence of a showing by the State of the compelling interest or reason to abridge such right." The same contention is overruled as it was in Broom v. State, Tex. Cr.App., 463 S.W.2d 220, cert. denied, 402 U.S. 923, 91 S.Ct. 1523, 28 L.Ed.2d 868.

The record contains no reversible error.

The judgment is affirmed.

## OPINION ON APPELLANTS' MOTION FOR REHEARING

MORRISON, Judge.

We have concluded that we were in error in holding that a charge on circumstantial evidence need not have been given. While it is true that the charge in this case followed the one given in Fisbeck v. State, 166 Tex.Cr.R. 105, 311 S.W.2d 865, we have now concluded that the difference in the offense charged and the facts are controlling. In Fisbeck v. State, supra, the charge was transportation and the accused was driving the automobile wherein the contraband was concealed. In this case the charge is possession, and the appellants are shown to have no connection with the contraband other than they were found sitting in the automobile in which the smell of marihuana was observable.

An entirely different result was reached when this Court reversed on confession of error in Arsiaga v. State, 372 S.W.2d 538. There the contraband was found in the seat where the accused had been sitting with two companions and this Court reversed for the failure of the Court to charge on circumstantial evidence where,

as here, the officers had not seen the appellant in possession of the contraband. See also McCormick v. State, 168 Tex. Cr.R. 489, 329 S.W.2d 436, and the cases there cited.

The judgment of affirmance is set aside; appellants' motion for rehearing is granted, and the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

This conviction should not be reversed on the ground that no charge on circumstantial evidence was given.

In Arsiaga v. State, Tex.Cr.App., 372 S.W.2d 538, relied upon for the reversal, the conviction was for the possession of dangerous drugs. Officers went into a cafe on a Sunday where there were several people. Three people were seated at a booth. When the officers arrived, the defendant got up, went behind a booth and then sat back down at his place. An officer later found a bottle which contained dangerous drugs behind the booth. The officer testified that he did not know what Arsiaga had in his hand and did not see him possess anything.[1]

No charge to acquit if the defendant did not have knowledge that the drugs were behind the booth was given in the Arsiaga case. A charge on circumstantial evidence probably would not have prevented the reversal, because the evidence was so weak. These facts were different from the facts in the present case because the cafe was a public place and three people were in a booth and there were others in the cafe. In the present case, the charge was like the charge in Fisbeck v. State, 166 Tex.Cr.R. 105, 311 S.W.2d 865, which is more closely in point on the facts. The

---

1. The State did not seek an affirmance in that case because the court refused to charge on circumstantial evidence. It was also noted that a serious question existed as to the sufficiency of the evidence to sustain the conviction. Brock v. State,

162 Tex.Cr.R. 339, 285 S.W.2d 745, was cited. Brock was reversed because the officers found drugs in a rest room that the public used and that the evidence was insufficient to support the conviction.

trial court should not be reversed for relying upon Fisbeck which is more closely in point than Arsiaga, supra.

For the reasons in this and in the opinion on original submission, the conviction should be affirmed.