Barry McBRIDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45261.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

---

Charles W. Tessmer, Ronald L. Goranson, Dallas, for appellant.

Henry Wade, Dist. Atty., George O. Washington, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. The penalty was assessed by the jury at five years probated.

Appellant contends that the court erred in refusing to submit his requested charge to the jury on circumstantial evidence.

Undercover Narcotics Officer Canibano, of the Dallas Police Department, testified that at about 8 A.M., on July 9, 1969, he was in conversation with persons in Mc-Cree Park in Dallas County when Asa Denny McBride [1] approached. Canibano informed McBride that the "stuff" he had sold him a couple of days before was "bad stuff." According to Canibano, McBride then stated that "I have some good marijuana, do you want to buy some of that?" Canibano replied, "let me see it" and Mc-Bride stated, "Well, we have it stashed, I am going to have to go get it." Canibano further testified that appellant was standing some ten or fifteen feet from the place where the foregoing conversation took place and did not participate in the same. After Canibano told McBride, "Well go get it and let me see it," McBride walked over to appellant and said, "Lets go get the stuff." Appellant and McBride left in a car together. After they returned a short time thereafter, McBride approached Canibano and appellant "walked off to the side" and was not seen again by Canibano on the evening in question. McBride and Canibano walked to a car belonging to McBride, got in the car, McBride reached in his pants and pulled out a plastic bag containing a substance found to be marihuana and handed same to Canibano who gave McBride a ten dollar bill.

■ The distinction between circumstantial and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which by logical inference demonstrates the fact to be proven. Ramos v. State, Tex.Cr.App., 478 S.W.2d 102, and cases cited therein.

The State urges that appellant was a principal by virtue of his presence at the time of the negotiations for the sale, his

1. The record reflects that appellant and Asa Denny McBride were distant cousins.

accompanying McBride after McBride had said, "Lets go get the stuff" and returning a short time thereafter with McBride who had the contraband in his possession.

■ The court instructed the jury on the law of principals, but this did not eliminate the necessity for instruction on circumstantial evidence if circumstantial evidence was relied on to establish appellant's guilt as a principal. Scelles v. State, 172 Tex.Cr.R. 474, 358 S.W.2d 623; McCormick v. State, 168 Tex.Cr.R. 489, 329 S.W.2d 436.

There is no direct evidence that appellant ever possessed the contraband. The State contends that there was direct evidence which showed that appellant made an agreement with McBride to accompany, acquire and transport the contraband. Officer Canibano's testimony was that the appellant was standing some ten or fifteen feet away at the time he entered into the agreement with McBride to buy the marihuana and that they were talking in a normal tone of voice. When Canibano was asked if the appellant had spoken in a normal tone, could you have heard his words, Canibano answered, "I believe so." There was testimony that others were present in the area.

There is no direct testimony that appellant ever heard any conversation about marihuana, saw any contraband, possessed any contraband, talked to anyone about contraband, or was present when any contraband was acquired or delivered. Thus, the ultimate fact which the State had to prove, the possession of the contraband, could only be inferred from the proof of the minor facts of possession of marihuana by appellant's companion, the proximity of the appellant to the conversation where the agreement for purchase was made, the statement of McBride to appellant, "Lets go get the stuff," followed by the departure of appellant and McBride in an automobile, their return a short time thereafter and the delivery of the contraband by McBride to the officer.

"The fact that circumstances may strongly point to a person accused of a crime does not relieve the court of the duty of charging the law of circumstantial evidence where the question of guilt is an inference or presumption deducible from circumstances in evidence." Haney v. State, Tex.Cr.App., 438 S.W.2d 580.

■ Possession having been proven by circumstantial evidence, we find the court committed reversible error in failing to give appellant's requested charge thereon. See Ramos v. State, supra; Denny v. State, Tex.Cr.App., 473 S.W.2d 503; Arsiaga v. State, Tex.Cr.App., 372 S.W.2d 538; Scelles v. State, supra.

For the reasons stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority opinion follows Denny and Forfar v. State, Tex.Cr.App., 473 S.W.2d 503, and the subsequent cases cited. This writer dissented in each of these cases and is still of the opinion that the rule established in Denny and Forfar, supra, is incorrect and should not be followed.

In the present case, the court charged on the law of principals and instructed the jury that mere presence alone will not constitute one a principal. The court defined possession in his charge as follows:

"Possession is the actual care, control, custody and management of the thing possessed. It is that condition of fact where the person can exercise his power over the property. Ownership is not necessary to constitute possession, and is not an essential element thereof. The possession need not be exclusive; more than one person may have possession of a thing at the same time."

Under such charge the rights of the appellant were adequately protected. It would serve no useful purpose to repeat

the reasons in the above mentioned dissenting opinions. However, the dissent in Ramos v. State, Tex.Cr.App., 478 S.W.2d 102, should be seen to show that the majority should not require a charge on circumstantial evidence in possession of contraband cases where the trial court gives an adequate definition of possession or otherwise requires the jury to believe that an accused knowingly possessed the contraband.