Ray CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 46604.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Adolph P. Canales, Dallas, for appellant.

Henry Wade, Dist. Atty. and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawful possession of a narcotic drug, to wit: heroin. A jury having found appellant guilty of this offense, the court assessed his punishment at confinement in the Texas Department of Corrections for nine years.

At the outset, we shall consider appellant's contention that the trial court erred in refusing to submit his requested charge on circumstantial evidence after such charge had been presented in writing to the court.

The record reflects that four Dallas deputy sheriffs executed a search warrant at 2246 Areba Street in Dallas County. The affidavit for the search warrant alleged that a person known only as "Big Mama" and other "unknown persons" possessed heroin at that location. Deputy Thomas E. Barker, one of the officers executing the warrant, testified that he first saw appellant in a bedroom with three other persons. Apparently there were at least eight individuals in the house. When Deputy Barker entered the room, appellant attempted

to evade him by diving from the bed into a closet where he hid under a pile of clothes. This ruse was unsuccessful, however, for Deputy Barker was able to ferret out appellant and place him under arrest. Upon removing appellant from the closet, the deputy noticed a recent puncture mark on his left arm and blood "dribbling down" from the wound. At this time appellant did not appear to be under the influence of narcotics, but by the time he was placed in jail he seemed to be "high." Various quantities of narcotics and narcotics paraphernalia were found throughout the house. On the bed where appellant and two other persons were sitting, a plastic vial of heroin was found. On a nearby nightstand, the deputies discovered spoons and a syringe.

At trial the court instructed the jury to acquit appellant if they had a reasonable doubt as to whether he knew that the heroin was in the house. Nevertheless, the critical issue in the disposition of this case is the absence of direct evidence to prove possession of the heroin by the appellant. To prove possession the State must show that appellant had care, custody, control and management of the thing possessed either alone or jointly with others. Garza v. State, 468 S.W.2d 440 (Tex.Cr. App.1971).

This court has for some time held that the distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proved, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proved. Beason v. State, 43 Tex.Cr.R. 442, 67 S.W. 96 (1902); Brown v. State, 126 Tex.Cr.R. 449, 72 S.W.2d 269 (1934); Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App.1972) (on State's Motion for Rehearing). In the instant case, no witness saw appellant actually possess the heroin. Moreover, the residence where the heroin was discovered did not belong to appellant; thus no question of sole access

is raised. Instead, the heroin was found at the residence of another person in which appellant was present at the time of the search. Therefore, the ultimate fact of whether appellant possessed the heroin found was not proved by direct evidence. In the absence of direct evidence, the refusal to grant a requested charge on circumstantial evidence is reversible error. Farris v. State, 496 S.W.2d 55 (Tex.Cr. App.1973).[1]

Upon similar facts, this court reversed a conviction for unlawful possession of morphine in Scelles v. State, 172 Tex.Cr.R. 474, 358 S.W.2d 623 (1962). In that case officers arrived at an apartment to execute a search warrant for narcotic drugs and found appellant and two others in the bedroom. As appellant sat on one bed rubbing his arm, another individual was injecting a fluid into his arm with a syringe while appellant watched him. Analysis of the fluid showed it to be morphine. Additional morphine and narcotics paraphernalia were found in the apartment. After forced entry by the officers, appellant and the two others attempted to flee. Also as in the instant case, needle marks were found on appellant's left arm. Scelles has been followed by this court in other drug cases where a circumstantial evidence charge was sought. See McBride v. State, 486 S. W.2d 318 (Tex.Cr.App.1972); Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App.1972).[2]

The cases discussed lead us to the ineluctable conclusion that it was error to refuse the circumstantial evidence charge. The effect of this error is not to be avoided by the State's argument that the court's charge on possession and knowledge adequately protected appellant's rights. Appellant's right to have the jury informed about the effect of circumstantial evidence is only protected by a specific charge. We conclude that the court clearly erred in failing to respond to the timely presented special requested charge on circumstantial evidence. In view of this disposition, it is not necessary to consider appellant's other contentions.

For the reasons stated, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

When the officers entered the house to execute the search warrant, the appellant dived from a bed into a closet and hid under a pile of clothes. A deputy noticed recent puncture marks on appellant's arm with blood coming from the wound. On the bed where the appellant and two others were sitting, a vial of heroin was found. On a nightstand nearby, the officers found narcotic paraphernalia.

The majority overlooks the rule that several people may jointly possess narcotics. In Ochoa v. State, Tex.Cr.App., 444 S.W. 2d 763, several people were in a house where there was a "lid" and a matchbox and a half of marihuana. Ochoa did not purchase the marihuana. He "puffed" on a marihuana cigarette that was handed to him and passed it to another person. The cigarette was passed around until it was "used up." This Court held that this was sufficient evidence to show that Ochoa possessed marihuana.

The fact that appellant had fresh needle marks on his arm with the narcotic paraphernalia nearby plus his attempt to hide from the officers shows that the jury had

---

1. In Farris this court refused to hold that the doctrine of close juxtaposition made a charge on circumstantial evidence unnecessary. Farris at 57.

2. Scelles was distinguished by this court in Ware v. State, 467 S.W.2d 256 (Tex.Cr.App. 1971), which held a circumstantial evidence charge unnecessary when the premises where the heroin was found belonged to the appellant. This, of course, is no basis for distinguishing Scelles from the instant case.

In one other instance, Scelles was first held to be distinguishable. Denny v. State, 473 S.W.2d 503 (Tex.Cr.App.1971). However, on rehearing the court held that failure to give a circumstantial evidence charge where the appellant was sitting in a car in which marihuana was found was reversible error. Denny at 507.

sufficient evidence to conclude that he possessed, at least jointly, the heroin.

The Legislature has provided that if there is an error in an instruction to the jury "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant. . . ." Article 36.19, Vernon's Ann.C.C.P.[1] Even if there were an error, how could the jury have reached any verdict except that of guilt under the evidence in this case?

No reversible error is shown. The judgment should be affirmed.

---

1. See Ramos v. State, Tex.Cr.App., 478 S.W.2d 102, Dissenting Opinion.